The defendant appeals from the denial of his motion for new trial, and his subsequent motion for reconsideration, in which he sought to vacate his plea of guilty on a charge of armed robbery, entered in 2015. Immediately prior to the plea colloquy, the Commonwealth moved, with the assent of the defendant's plea counsel, to amend the indictment from one charging armed robbery "while being armed with a handgun" to one charging armed robbery "while being armed with a dangerous weapon." In his motion for new trial, the defendant contends that his plea counsel was ineffective in his failure to object to the amendment of the armed robbery indictment.[2] We discern no error of law or abuse of discretion, and affirm.
Following an incident at a convenience store on September 14, 2014, the defendant was indicted for armed robbery. The defendant eventually turned himself into police, confessed to the robbery, but explained he had used a toy gun. He directed police to a bin of toys in a neighbor's yard where he said he had obtained and later returned the toy gun. On December 24, 2014, two months after the indictment was returned, the police recovered the toy gun from that location.
On the day of the plea hearing, the Commonwealth moved to amend the indictment. The indictment, which was captioned "Armed Robbery-C265, § 17," alleged that the defendant had robbed a convenience store "while being armed with a handgun." The Commonwealth's motion sought to amend the indictment to allege an armed robbery "while being armed with a dangerous weapon."[3] The defendant's plea counsel assented to the motion, the plea judge allowed it, and the defendant entered a plea of guilty to the charge of armed robbery while being armed with a dangerous weapon.
In his motion for new trial, the defendant contends that his plea counsel rendered constitutionally ineffective assistance, by consenting to the amendment of the indictment. According to the defendant, the amendment of the indictment to substitute reference to a "dangerous weapon" in place of reference to a "handgun" was an amendment of substance rather than of form, and plea counsel should have recognized it as such and objected to the amendment rather than consenting. He also alleges that he did not knowingly and voluntarily waive his right to indictment by a grand jury.
We need not address either contention, because even if we assume, favorably to the defendant, that the amendment was one of substance and that counsel's assent to it fell measurably below the performance expected of an ordinary fallible lawyer, we discern no resulting prejudice to the defendant. In other words, the defendant has not demonstrated that better work by counsel "might have accomplished something material for the defense," Commonwealth v. Satterfield, 373 Mass. 109, 115 (1977), or that any error created a substantial risk of a miscarriage of justice.
There was no prejudice to the defendant by the amendment; indeed it was the defendant himself who informed police he had used a toy gun during the robbery and the defendant accordingly could not have been surprised by the change. Had plea counsel objected to the amendment, the Commonwealth could readily have sought and obtained a new indictment on the charge of armed robbery by means of a dangerous weapon.[4] There is no allegation that counsel believed the defendant, having used a toy gun, actually faced the minimum mandatory sentence of five years for robbery armed with a handgun, and he had negotiated a favorable disposition to which the defendant had agreed, of three to six years in State prison for a crime with a maximum penalty of life in prison. See G. L. c. 265, § 17. To require the Commonwealth to go through the process of obtaining from the grand jury a second indictment would have been, at best, purposeless. The defendant would not, in any circumstances, have been entitled to entry of a conviction on the lesser included charge of unarmed robbery, the relief he has requested in his brief on appeal.[5] Accordingly, even if we assume that the defendant's plea counsel was constitutionally ineffective and that the defendant did not knowingly and voluntarily waive his right to have a new indictment issued by the grand jury, the defendant suffered no prejudice, much less a substantial risk of a miscarriage of justice, as a result.
Order denying motion for new trial affirmed.
Order denying motion for reconsideration affirmed.

He also contends that the plea judge erred in allowing the amendment, and then accepting his guilty plea to an amended charge on which he had not been indicted.

As noted earlier, the defendant used a toy gun to commit the robbery, not a handgun or firearm. While a toy gun may properly constitute a dangerous weapon, it does not qualify as a handgun or firearm. See Commonwealth v. Powell, 433 Mass. 399, 402-404 (2001).

As the defendant acknowledges, the Commonwealth could in the alternative have proceeded on a complaint.

The Commonwealth would not have proceeded to trial on the original indictment in this case, as it did in the somewhat similar circumstances of Commonwealth v. Garrett, 473 Mass. 257 (2015). Garrett was pending before the Supreme Judicial Court at the time of the plea hearing in the present case, and the Commonwealth's request to amend the indictment reflects its awareness of the possible deficiency in an indictment specifying a firearm when a different form of a dangerous weapon was used in the robbery. In his motion in the trial court, the defendant asked only that he be returned to the position he was in at the time immediately prior to the indictment. The more substantial relief requested before us may reflect a conclusion that would be of little benefit to him since the Commonwealth could even now obtain a new indictment from the grand jury charging robbery armed with a dangerous weapon. See G. L. c. 277, § 63 (ten-year statute of limitations for armed robbery).